UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

CARL HARRISON,

       Movant,

v.                                     Case No. 2:97-cr-00143-04
                                     Case No. 2:05-cv-00045

UNITED STATES OF AMERICA,

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's second Motion to Vacate, Set Aside and Correct Sentence, filed pursuant to 28 U.S.C. § 2255, on January 10, 2005, in the Northern District of West Virginia, and transferred and filed in this District on January 14, 2005. (Docket sheet document # 291.)  By Standing Order, the Motion was referred to this Magistrate Judge for submission of proposed findings and recommendation for disposition.  (# 293.)

Procedural History

Movant, Carl Harrison (hereinafter referred to as "Defendant"), is serving a 170 month term of imprisonment, to be followed by a three year term of supervised release, upon his guilty pleas to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(I) and 2.  (Judgment in a Criminal Case, entered March 18, 1998, # 107).  A fine of $5,000,

and a special assessment of $200 were also imposed.  (Id.)

Defendant's direct appeal was unsuccessful.  United States v. Harrison, No. 98-4259, 1999 WL 503540 (4th Cir. July 16, 1999), cert. denied, 529 U.S. 1030 (2000).

On August 11, 2000, Defendant filed his first Motion under § 2255.  (# 175, amended March 28, 2001, # 187.)  It was denied by Judgment Order entered August 13, 2001 (# 215), which adopted the proposed findings and recommendation filed by the Hon. Maurice G. Taylor, U.S. Magistrate Judge (Findings and Recommendation filed July 19, 2001, # 207).  The U.S. Court of Appeals for the Fourth Circuit denied Defendant's request for a certificate of appealability, and dismissed the appeal.  United States v. Harrison, No. 01-7447, 26 Fed. Appx. 335, 2002 WL 185884 (4th Cir. Feb. 6, 2002).

On July 18, 2002, Defendant filed a motion for reconsideration of the Judgment Order denying his first § 2255 Motion, pursuant to Rule 60(b) (# 252).  On July 24, 2002, the motion for reconsideration was denied (# 253).  The Fourth Circuit determined that Defendant's Rule 60(b) motion was actually a successive habeas petition under § 2255, denied a certificate of appealability, and dismissed the appeal.  United States v. Harrison, No. 02-7238, 55 Fed. Appx. 193, 2003 WL 223439 (4th Cir. Feb. 3, 2003).

On July 21, 2003, Defendant filed a motion for home confinement (# 276), which was denied the same day (# 277).

On January 28, 2004, Defendant filed a letter motion to reopen his § 2255 motion (# 279), which was denied by Memorandum Order entered February 18, 2004 (# 281).

On July 26, 2004, Defendant filed a motion for authorization to file a successive application, pursuant to 28 U.S.C. § 2244, which was denied by the Fourth Circuit by order filed on August 6, 2004 (# 284).

Defendant's grounds for relief in his current § 2255 motion are stated as follows [spelling corrected]:

> A.  Ground one: Enhancement upon sentencing, not at grand jury, 3 points added at sentencing and 2 points added to criminal history.  Which adding the above points I went from Level 28 Category 3 to Level 32 Category 4 due to Judge Haden at sentencing which clearly broke my plea agreement which was signed on 11-24-97 not the new PSI without new agreement PSI forged by U.S. Attorney on 2-24-98.
>
> B.  Ground two: Enhancement of 2 points C. History 3 points [paragraph 160] pages 50-51-52.  PSI pg 59 par. # 38 falls under Supreme Court of U.S. Supreme Court Blakely v. Wash # 02-1632 argued March 23, 2004 Decided June 14, 2004.
>
> C.  Ground three: Before the judge conviction and adding 3 points and adding 2 points Criminal History instead of level 28 to 32.

(Motion, # 291, at 4.)

Title 28, United States Code, Section 2255 provides, in pertinent part, as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be

3

sufficient to establish by clear and convincing evidence
that no reasonable factfinder would have found the movant
guilty of the offense;  or
  (2) a new rule of constitutional law, made retroactive
to cases on collateral review by the Supreme Court, that
was previously unavailable.

28 U.S.C. § 2255 (1996).  Section 2244(a) states:

    (a) No circuit or district judge shall be required
to entertain an application for a writ of habeas corpus
to inquire into the detention of a person pursuant to a
judgment of a court of the United States if it appears
that the legality of such detention has been determined
by a judge or court of the United States on a prior
application for a writ of habeas corpus, except as
provided in section 2255.

28 U.S.C. § 2244(a) (1996).

The first issue is to determine whether the pending § 2255

Motion is a "second or successive motion" for the purpose of §§

2244 and 2255, requiring certification by the Fourth Circuit.  The

term "second or successive motion" is not defined in the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

It is indisputable that Defendant has already filed one § 2255

Motion.  Section 2244(a) appears to apply only to a second or

successive § 2255 motion which is filed after "the legality of . .

. detention has been determined by a judge or court of the United

States on a prior application . . . ."  Review of the Report-

Recommendation filed with respect to the first § 2255 Motion, and

adopted by the District Court reveals that the legality of

Defendant's detention was determined and upheld.

Defendant appears to be claiming that his case should be re-

opened due to the Supreme Court's decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).  However, <u>Blakely</u> has not been ruled to be a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

On January 12, 2005, the Supreme Court decided <u>United States v. Booker</u>, 125 S. Ct. 738, which reaffirmed the Court's holding in <u>Apprendi</u>, applied the holding in <u>Blakely</u> to the Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  125 S. Ct. at 756.  The <u>Booker</u> holding applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" 125 S. Ct. at 769 (quoting <u>Griffith v. Kentucky</u>, 479 U.S. 314, 328 (1987)).  Defendant's case has concluded direct review and is final.  Thus <u>Booker</u> does not apply, unless the Supreme Court rules that it is to be applied retroactively to cases on collateral review.

Seven Circuit Courts of Appeals have ruled that <u>Booker</u> does not apply retroactively to cases on collateral review.  In <u>McReynolds v. United States</u>, 397 F.3d 479, 480-81 (7th Cir.), <u>cert. denied</u>, 125 S. Ct. 2559 (2005), the Court held:

Although the Supreme Court did not address the
retroactivity question in *Booker*, its decision in *Schriro
v. Summerlin*, ___ U.S. _____, 124 S. Ct. 2519, 159 L.
Ed.2d 442 (2004), is all but conclusive on the point.
*Summerlin* held that *Ring v. Arizona*, 536 U.S. 584, 122 S.
Ct. 2428, 153 L. Ed.2d 556 (2002) -- which, like *Booker*,
applied *Apprendi*'s principles to a particular subject --
is not retroactive on collateral review.

*Ring* held, in reliance on *Apprendi*, that a defendant
is entitled to a jury trial on all aggravating factors
that may lead to the imposition of capital punishment.
In *Summerlin* the Court concluded that *Ring* cannot be
treated as a new substantive rule -- which is to say, a
rule that "alters the range of conduct or the class of
persons that the law punishes." ___ U.S. ___, 124 S. Ct.
at 2523.   It observed that "*Ring* altered the range of
permissible methods for determining whether a defendant's
conduct is punishable [in a particular way], requiring
that a jury rather than a judge find the essential facts
bearing   on   punishment.      Rules   that   allocate
decisionmaking authority in this fashion are prototypical
procedural rules." *Ibid.*  That is no less true of *Booker*
-- or for that matter *Apprendi* itself.  We held in *Curtis
v. United States*, 294 F.3d 841, 843 (7th Cir. 2002), that
*Apprendi* does not apply retroactively on collateral
review, because it "is concerned with the identity of the
decisionmaker, and the quantum of evidence required for
a sentence, rather than with what primary conduct is
unlawful."   That, too, is equally true of *Booker*.   No
conduct that was forbidden before *Booker* is permitted
today; no maximum available sentence has been reduced.

The remedial portion of *Booker* drives the point
home.    The Court held that the federal Sentencing
Guidelines remain in force as written, although 18 U.S.C.
§ 3553(b)(1), which makes their application mandatory, no
longer governs.  District judges must continue to follow
their approach *as guidelines*, with appellate review to
determine  whether  that  task  has  been  carried  out
reasonably.  No primary conduct has been made lawful, and
none of the many factors that affect sentences under the
Sentencing  Guidelines  has  been  declared  invalid.
Consequently, *Booker*, like *Apprendi* and *Ring*, must be
treated  as  a  procedural  decision  for  purposes  of
retroactivity analysis.

     * * *   The Court held in *DeStefano v. Woods*, 392

U.S. 631, and reiterated in *Summerlin*, that the choice between judges and juries as factfinders does not make such a fundamental difference; to the contrary, the Court stated in *Summerlin*, it is not clear which is more accurate. ___ U.S. at ___, 124 S. Ct. at 2525. What is more, *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencing facts will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a "watershed" change that fundamentally improves the accuracy of the criminal process. *See also Curtis*, 294 F.3d at 843-44.

We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely v. Washington*, ___ U.S. __, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004, came down, is the appropriate dividing line.

In <u>Green v. United States</u>, 397 F.3d 101, 103 (2d Cir. 2005), the Second Circuit held that "neither <u>Booker</u> nor <u>Blakely</u> appl[ies] retroactively to [a] collateral challenge." In <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005), the Eleventh Circuit held "that <u>Booker</u>'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to a § 2255 on collateral review." In <u>Humphress v. United States</u>, 398 F.3d 855, 863 (6th Cir. 2005), <u>pet. for cert. filed, No. 05-5130</u>, the Sixth Circuit ruled that:

We see no basis for concluding that the judicial factfinding addressed in *Booker* is either less accurate or creates a greater risk of punishing conduct the law

> does not reach than did the judicial factfinding
> addressed in *Ring*.  The Supreme Court has never held that
> a new rule of criminal procedure falls within *Teague*'s
> second exception.  *Beard [v. Banks]*, 124 S. Ct. [2504],
> 2513-14 [(2004)].  We hold that *Booker*'s rule does not
> either.

In <u>United States v. Price</u>, 400 F.3d 844, 848 (10th Cir. 2005), <u>pet.</u>

<u>for cert. filed, No. 04-10694</u>, the Tenth Circuit held that <u>Blakely</u>

was a new rule of criminal procedure that was not subject to

retroactive application on collateral review.  In <u>Lloyd v. United</u>

<u>States</u>, 407 F.3d 608, 615-16 (3d Cir. 2005), the Third Circuit held

that "<u>Booker</u> announced a rule that is 'new' and 'procedural,' but

not 'watershed;'" thus it does not apply retroactively to § 2255

motions filed in cases which were final as of January 12, 2005.  In

<u>Schardt v. Payne</u>, 414 F.3d 1025 (9th Cir. 2005), the Ninth Circuit

held that <u>Blakely</u> did not announce a watershed rule of criminal

procedure, and quoted approvingly from <u>Price</u>.

Based on <u>McReynolds</u>, <u>Green</u>, <u>Varela</u>, <u>Humphress</u>, <u>Price</u>, <u>Rucker</u>,

<u>Lloyd</u>, and <u>Schardt</u>, the undersigned proposes that the presiding

District Judge **FIND** that Movant's conviction was final before

<u>Blakely</u> and <u>Booker</u> were decided, and that neither <u>Blakely</u> nor

<u>Booker</u> applies retroactively on collateral review.

Accordingly, the undersigned proposes that the presiding

District Judge find that Defendant's pending § 2255 Motion is a

second or successive motion, requiring authorization by the Fourth

Circuit.  The undersigned notes that the Fourth Circuit has

previously denied Defendant authorization to file a successive

motion.   It is respectfully **RECOMMENDED** that the District Court **DISMISS** Defendant's § 2255 Motion because it is a successive motion.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing) and ten days (filing of objections) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Copenhaver,

and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Carl Harrison, and to counsel of record.


 September 8, 2005                         _Mary E. Stanley_____
         Date                              Mary E. Stanley
                                           United States Magistrate Judge